```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
                                    :
UNITED STATES OF AMERICA,           :     19 Mag. 10987
                                    :
          -v-                       :     ORDER
                                    :
VIRGIL GRIFFITH,                    :
               Defendant.           :
                                    :
                                    :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2020

VERNON S. BRODERICK, United States District Judge:

    Before me is the Defendant's appeal of the denial of his bail application by Magistrate Judge Barbara Moses on December 26, 2019.  I heard the appeal on December 30, 2019.  Accordingly, it is hereby:

    ORDERED that the Clerk of Court is directed to unseal this case and enter all documents in connection with this Complaint on the electronic docket.

    IT IS FURTHER ORDERED that for the reasons stated on the record on December 30, the Defendant's appeal is GRANTED.  I set forth below the entirety of Defendant's bail conditions:

    1.    A $1 million personal recognizance bond, secured by (1) the residence of the Defendant's parents, Dr. Robert Griffith and Dr. Susan Griffith, located at 10885 Landers Drive, Northport, AL 35473; and (2) the residence of Defendant's sister, Joy Lewis, located at

7112 Black Rock Court, Columbia, MD 21046. Dr. Robert Griffith, Dr. Susan Griffith, and Joy Lewis are to assist the Government in obtaining documents it deems necessary to make these properties security for the bond. The bond shall not be considered secured until such time as the property has been assessed by the Government and has been made security for the bond. Defendant shall not be released until the conditions set forth in the paragraph are met;

2. Strict Pretrial Supervision;

3. Home detention with electronic and GPS monitoring at Defendants' parents' residence, located at 10885 Landers Drive, Northport, AL 35473 ("the Residence");

4. Home assessment of the Residence. Defendant shall not be released until the conditions set forth in the paragraph are met;

5. Defense counsel and the Government are to meet and confer about securing the cryptocurrency hard drives located at the Defendant's apartment in Singapore, subject to the laws of Singapore. Defendant is to ensure that all individuals who have access to his apartment in Singapore are aware that these drives are not to be accessed, touched, or tampered with in any

way until they are secured based upon the agreement between defense counsel and the Government.

6. Defendant is to participate in mental health treatment and evaluation as directed by Pretrial Services;

7. Defendant is to participate in drug treatment and testing as directed by Pretrial Services;

8. Defendant's travel is restricted to the Northern District of Alabama, the Southern District of New York ("SDNY"), and the Eastern District of New York ("EDNY" and together with SDNY, the "New York Districts"). Further, Defendant shall only be permitted to travel to the New York Districts to (a) appear at the Thurgood Marshall United States Courthouse at 40 Centre Street, New York, New York and the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street, New York, New York for court appearances or as directed by his Pretrial Services Officer; or (b) meet with his counsel, Brian Klein, of Baker Marquart LLP and/or Sean Buckley of Kobre & Kim, and/or any other representatives of the aforementioned firms, at the New York office of Kobre & Kim located at 800 Third Ave., New York, New York 10022. Defendant shall provide notice to and obtain approval from Pretrial Services for all such travel. To the extent the

      Government deems it necessary, in connection with all visits to and from the New York Districts, Defendant shall be accompanied to the airport by an agent of the Federal Bureau of Investigation or other investigative agency designated by the Government, who shall ensure that he boards his flight;

9. Within the Northern District of Alabama, Defendant shall be permitted to leave the Residence for all purposes ordinarily permitted for a person in home detention, as well as to obtain state- or municipality-issued identification documents. Defendant shall provide notice to and obtain approval from Pretrial Services for all such departures from the Residence;

10. Defendant is to surrender all of his travel documents to Pretrial Services, including his Passport ID Card. Upon release, and in accordance with Condition No. 9, Defendant is to commence efforts to obtain a state- or municipality-issued identification card that will enable him to travel by air.  Until Defendant obtains an alternate form of identification, Pretrial Services will facilitate his travel to the New York Districts for the purposes authorized in Condition No. 8 by providing Defendant with his Passport ID Card no more

than one day prior to his flight, which he will surrender to Pretrial Services upon his initial arrival in the SDNY, and retrieve his Passport ID Card from Pretrial Services for his trip back to Alabama. Defendant shall within a day of returning to the Northern District of Alabama return his Passport ID Card to Pretrial Services in the Northern District of Alabama.

11. Defendant is not to relocate from the Residence without prior approval of Pretrial Services;

12. Defendant shall not possess or use any smartphone or any cellular telephone with internet access capability;

13. Defendant will be allowed to have a computer in the Residence, which will be loaded with a monitoring software.  Defendant is not to use any computer or other internet-capable device that does not contain such software;

14. Defendant's internet activity will be limited to communicating with his counsel by e-mail.  Defendant is not to access the internet for any other purposes, and is specifically prohibited from accessing any of his cryptocurrency accounts and from accessing the darkweb;

15. Defendant is not to communicate with or contact any of the witnesses and victims set forth in a list to be provided by the Government.

SO ORDERED.

Dated:   New York, New York
         January 2, 2020

_____
Vernon S. Broderick
United States District Judge PART I